1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH HARVEY,                          No.  2:12-cv-02029 KJM DAD P

12                   Plaintiff,

13       v.                                   ORDER

14   J. BARBOUR,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   **I. Application to Proceed In Forma Pauperis**

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

27   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

28   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

                                                   1

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

3   1915(b)(2).

4   **II.  Screening Requirement**

5           The court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  However, in order to survive dismissal for failure to state a claim a complaint must contain more

22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

25  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

26  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

27  resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

28  /////

### III.  Plaintiff's Complaint

In his complaint, plaintiff alleges that defendant Barbour violated plaintiff's rights under the Eighth Amendment by assigning him to wash over 40 trash bins which resulted in plaintiff suffering severe back pain.  Plaintiff also alleges that in making this assignment defendant Barbour acted in retaliation against him because plaintiff had commented to defendant Barbour that she was unprofessional.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.  Plaintiff is also advised of the following legal standards which govern the claims he may be attempting to present.

A.  Eighth Amendment Claim

It is well established that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  Farmer, 511 U.S. at 834.  There are an objective and a subjective requirement which must be met for an Eighth Amendment claim.  First, for the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id.  Second, the prison official must have a sufficiently culpable state of mind.  See id.  Here the state of mind is

1   one of deliberate indifference.  See id.  A prison official who knows of and disregards an

2   excessive risk to the inmate's health or safety demonstrates deliberate indifference.  See id. at

3   837.  Thus, "the official must both be aware of facts from which the inference could be drawn

4   that a substantial risk of serious harm exists, and he must also draw that inference."  Id.

5   However, an official that knows of a substantial risk to an inmate's health or safety but acts

6   reasonably under the circumstances will not be held liable under the cruel and unusual

7   punishment clause, even if the threatened harm results.  See id. at 843.  Therefore, in any

8   amended complaint he may elect to file plaintiff must allege facts demonstrating that he faced a

9   substantial risk of serious harm, that the named officials knew of and disregarded the risk of harm

10  to plaintiff, and that the actions of the officials were not reasonable.

11       In any amended complaint he elects to file, plaintiff must also allege facts demonstrating

12  that defendant Barbour was aware of plaintiff's back problems when plaintiff was assigned to

13  wash the trash cans.  For instance, plaintiff may wish to attach to any amended complaint as

14  exhibits the medical records or chronos that would to show that his work assignments were

15  restricted due to his back problem and that the assigned cleaning task was beyond his physical

16  ability.

17       B.  Retaliation Claim

18       "Within the prison context, a viable claim of First Amendment retaliation entails five

19  basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

20  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

21  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

22  correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. April 25, 2005).  In

23  addition, plaintiff has the burden of showing that retaliation for the exercise of protected conduct

24  was the "substantial" or "motivating" factor behind the defendant's actions.  Mt. Healthy City

25  Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Hines v. Gomez, 108 F.3d 265, 267–

26  68 (9th Cir.1997) (inferring retaliatory motive from circumstantial evidence).

27       In any amended complaint, plaintiff must allege facts clarifying the protected conduct he

28  claims that he was engaged in.  In addition, plaintiff must allege facts demonstrating that the

4

1    defendant's motive in making this job assignment was retaliation and not a legitimate correctional

2    goal.  For instance, plaintiff may wish to explain what types of work assignment he was required

3    to perform in his job classification and whether the task of washing the trash bins was outside of

4    his regular job assignment.

5              C.  Other Deficiencies

6              Plaintiff has sued defendant Barbour in her individual and official capacity.  Such an

7    action is barred under the Eleventh Amendment.  See Will v. Michigan Dept. of State Police, 491

8    U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit

9    against the official but rather is a suit against the official's office.  As such, it is no different from

10   a suit against the State itself.") (citations omitted); Aholelei v. Dept. of Public Safety, 488 F.3d

11   1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal

12   court against a state, its agencies, and state officials acting in their official capacities.").

13   Therefore, in any amended complaint he may elect to file, plaintiff should not pursue an action

14   against defendant in her official, as opposed to her individual, capacity.

15             D.  Pleading Requirements

16             If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how

17   the conditions complained of resulted in a deprivation of his federal constitutional or statutory

18   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in

19   specific terms how each named defendant was involved in the deprivation of plaintiff's rights.

20   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

21   connection between the defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

22   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

23   740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

24   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25             Plaintiff is informed that the court cannot refer to a prior pleading in order to make

26   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

27   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

28   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

                                                      5

Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's October 1, 2012 application to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

is assessed an initial partial filing fee.  All fees shall be collected and paid in accordance with this

court's order to the Director of the California Department of Corrections and Rehabilitation filed

concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form

complaint provided by the Clerk of the Court; failure to file an amended complaint in accordance

with this order will result in the dismissal of this action without prejudice.

5.  The Clerk of the Court is directed to provide plaintiff with the court's form complaint

for a § 1983 action.

Dated:  August 7, 2013

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad:4
Harv2029.14.docx

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28