UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH HARVEY,

        Plaintiff,

   v.

J. BARBOUR,

        Defendants.

No. 2:12-cv-02029 KJM DAD P

ORDER

I. Introduction

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983.[1] Defendant J. Barbour has filed a motion to dismiss plaintiff's First Amended Complaint ("FAC"), pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the court will grant defendant's motion, but also grant plaintiff leave to file a second amended complaint.

II. Background

    A. Procedural Background

    This action commenced on August 2, 2012. On August 8, 2013, the court screened plaintiff's initial complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it with leave to

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

1

amend. (ECF No. 10.) On September 6, 2013, plaintiff filed the operative FAC. (ECF No. 13.) On April 15, 2014, the court determined that service of the FAC was appropriate on defendant Barbour. (ECF No. 14.) On July 7, 2014, defendant Barbour filed the instant motion to dismiss. (ECF No. 20.) On August 4, 2014, plaintiff filed an opposition to the motion, in which he "essentially concedes that defendant[ is] correct" and requests leave to amend his complaint. (ECF No. 22 at 1.)

  B. Factual Background

  Plaintiff alleges as follows in his FAC. (ECF No. 13.) At the time of the challenged incident, plaintiff was incarcerated at California State Prison-Solano. (Id. ¶ 13.) In July 2011, defendant Barbour ordered plaintiff to wash approximately 40 trash cans on a back dock. (Id. ¶ 17.) This was an unauthorized location in the institution for plaintiff to be working. (Id. ¶¶ 9, 17.) Plaintiff suffered severe back pain as a result of performing the ordered work and continues to suffer this pain. (Id. ¶¶ 9, 16.) Plaintiff sought medical treatment for back pain on November 5, 2011, February 5, 2012, February 19, 2012, March 1, 2012, and March 16, 2012. (Id. ¶¶ 10-14.) He had previously sought treatment for back pain on July 6, 2006. (Id. ¶ 8.)

  Exhibits attached to the FAC and cited therein reflect that, on July 17, 2011, plaintiff filed an inmate grievance on a CDCR Form 602 against defendant for age discrimination in his kitchen work assignment. (ECF No. 13 at 12.) The Third Level Appeal Decision on that grievance, dated January 26, 2012, provides that "staff conduct was found not in compliance with policy." (Id. at 10.)

III. Standards

  A. Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive

1  dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of
2  the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to
3  relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

4  In determining whether a pleading states a cognizable claim, the court accepts as true all
5  material allegations in the complaint and construes those allegations, as well as the reasonable
6  inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v.
7  King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.
8  738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a
9  motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen,
10 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations,
11 unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643
12 F.2d 618, 624 (9th Cir. 1981).

13 In general, pro se pleadings are held to a less stringent standard than those drafted by
14 lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe
15 such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
16 The court's liberal interpretation of a pro se complaint, however, may not supply essential
17 elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
18 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

19 B. Standard Applicable to Claims Brought Pursuant to 42 U.S.C. § 1983

20 The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

24 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
25 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
26 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
27 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
28 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

IV.  Analysis

In his FAC plaintiff alleges that defendant Barbour, by ordering him to wash trash cans on the date in question, both violated the Eighth Amendment and retaliated against plaintiff for conduct protected under the First Amendment. (FAC ¶¶ 15, 16, 19.)

A.  Eighth Amendment claim

Defendant Barbour moves to dismiss plaintiff's claim that defendant subjected plaintiff to unconstitutional prison working conditions in violation of the Eighth Amendment.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

The Eighth Amendment protects prisoners from inhumane conditions of confinement, including in work programs. See Rhodes v. Chapman, 452 U.S. 337, 344-37 (1981). The Ninth Circuit has established the following standard for demonstrating unconstitutional working conditions in the prison context:

/////

4

> A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place. Farmer v. Brennan, 511 U.S. 825, 834 (1994). More specifically, the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain." Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); see also Wallis v. Baldwin, 70 F.3d 1074 (9th Cir. 1995) (analyzing under the Eighth Amendment a prisoner's claim that his health was endangered when he was forced to remove asbestos without protective gear).

Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Resolution of such a claim requires inquiry into the state of mind of the prison official, who is liable only if he or she was deliberately indifferent to a substantial risk of serious harm. Farmer, 511 U.S. at 837 (the prison official's state of mind is assessed under a subjective, rather than an objective, standard: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); see also Wilson, 501 U.S. at 298–99, 302–03 (the official must actually know of the risk yet fail to take reasonable measures to ensure the prisoner's safety); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Farmer, 511 U.S. at 834. A "sufficiently culpable state of mind" requires that the conduct involve more than mere negligence. Id. at 837, 847 (nothing less than recklessness in the criminal sense, that is, subjective disregard of a risk of harm of which the actor is actually aware, satisfies the "deliberate indifference" element of an Eighth Amendment claim). If the risk of harm was obvious, however, the trier of fact may infer that a defendant knew of the risk, but obviousness per se will not impart knowledge as a matter of law. Id. at 840–42.

Here, defendant Barbour is correct that plaintiff's FAC lacks the factual specificity necessary to state a claim for an Eighth Amendment violation. Plaintiff has alleged in his FAC that the task which he was compelled to perform – washing the trash cans – caused him severe back pain, i.e., that the physical labor he was compelled to perform "cause[d] undue pain."

1 Berry, 39 F.3d at 1057.  But he has failed to allege facts which, if proven, would demonstrate:  (1)
2 That defendant Barbour was aware of facts from which she could infer that ordering plaintiff to
3 clean the trash cans would risk causing him severe back pain.  See Farmer, 511 U.S. at 837; and
4 (2) that defendant did in fact draw the inference that ordering plaintiff to clean the trash cans
5 would cause him severe back pain.  Id.  Accordingly, the FAC does not adequately allege that
6 defendant Barbour possessed the necessary mental state – deliberate indifference – required to
7 plead an Eighth Amendment violation.  "A pleading that offers 'labels and conclusions' or 'a
8 formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint
9 suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v.
10 Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).
11       While the FAC includes allegations such as, "Defendant . . . caused [plaintiff] to
12 experience severe back pain by unlawfully ordering him to wash over 40 trash cans in violation of
13 the Eighth Amendment to the United States Constitution" (FAC ¶ 16), and "Defendant . . . treated
14 plaintiff d[e]liberately indifferent by ordering him to work on the back-dock where he was
15 unauthorized to work . . . ." (FAC ¶ 17), these allegations, as well as those in the remainder of the
16 FAC, lack the factual specificity necessary to state a claim under § 1983 for an Eighth
17 Amendment violation.
18       Accordingly, defendant Barbour's motion to dismiss plaintiff's claim that she subjected
19 him to unconstitutional working conditions will be granted.
20       B. First Amendment Retaliation claim
21       Defendant Barbour also moves to dismiss plaintiff's claim that defendant retaliated
22 against him for engaging in activity protected by the First Amendment.
23       "Within the prison context, a viable claim of First Amendment retaliation entails five
24 basic elements:  (1) [a]n assertion that a state actor took some adverse action against an inmate
25 (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
26 exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
27 correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004).  Prisoners have a
28 constitutional right to file prison grievances and pursue civil rights litigation in the courts.  Id. at

567. Prison officials may not retaliate against prisoners for exercising these rights. Id. at 568.

Plaintiff has sufficiently pled that defendant Barbour subjected him to an adverse action by ordering him to wash 40 trash cans, which caused him severe back pain. However, plaintiff has failed to plead specific facts supporting the remaining four elements of a First Amendment retaliation claim, listed above. Allegations such as "Defendant . . . ordered plaintiff to wash about 40 trash cans, in retaliation of his discontent of her treatment towards him as being unprofessional . . . ." (FAC ¶ 15) lack the factual specificity necessary to state a claim for First Amendment retaliation.

Accordingly, the court will grant defendant Barbour's motion to dismiss plaintiff's retaliation claim.

C. Leave to File an Amended Complaint

The undersigned has carefully considered the appropriateness of granting plaintiff leave to file an amended complaint, as he requests in his opposition. Plaintiff therein states that he "is now aware of the deficiencies in his complaint and if leave to amend . . . is granted by this court, plaintiff will file a complaint in compliance with Federal Rule[] of Civil Procedure 8 . . . ." (ECF No. 22 at 2.)

"Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (quoting Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (internal citation omitted)). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

In light of these principles and out of an abundance of caution, the undersigned will grant further leave to amend in order to permit plaintiff the opportunity to allege facts that he in good faith believes he can prove. Plaintiff is informed, however, that facts alleged in an amended complaint "must not be inconsistent with those already alleged," Lacey v. Maricopa Cnty., 693 F.3d 896, 939 (9th Cir. 2012) (en banc).

/////

If plaintiff chooses to file and serve a second amended complaint, the allegations of that complaint must clearly identify how the defendant's alleged misconduct resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how the defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to prior complaints filed herein in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, prior pleadings no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 20) is granted.

2. Plaintiff's first amended complaint, filed September 6, 2013 (ECF No. 13), is dismissed with leave to amend.

3. Plaintiff shall, within twenty-eight days after the filing date of this order, file and serve a second amended complaint that cures the defects noted in this order, and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and be titled "Second Amended Complaint."

/////

/////

/////

4. Failure to timely comply with this order will result in a recommendation that this action be dismissed.

Dated:  December 2, 2014

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
harv2029.mtd.lta