UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HARVEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. BARBOUR,<br><br>　　　　　　Defendants. | No. 2:12-cv-02029 KJM AC P (TEMP)<br><br><br>ORDER |

I.  Introduction

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983.[1] Defendant J. Barbour has filed a motion to dismiss plaintiff's Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendant's motion will be denied.

II.  Background

　A.  Procedural Background

　　This action commenced on August 2, 2012.  On August 8, 2013, the court screened plaintiff's initial complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it with leave to amend. (ECF No. 10.)  On September 6, 2013, plaintiff filed a First Amended Complaint. (ECF

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

1

1  No. 13.) On April 15, 2014, the court determined that service was appropriate on defendant
2  Barbour. (ECF No. 14.) On July 7, 2014, defendant Barbour moved to dismiss the First
3  Amended Complaint. (ECF No. 20.) On December 3, 2014, defendant's motion was granted, and
4  plaintiff was granted leave to file a Second Amended Complaint. (ECF No. 23.)

On January 5, 2015, plaintiff filed the operative Second Amended Complaint. (ECF No. 24.) On January 7, 2016, this pleading was screened and service again ordered on defendant Barbour. (ECF No. 27.) Defendant Barbour now moves to dismiss the Second Amended Complaint. (ECF No. 32.) This matter is fully briefed and ready for disposition.

B. Factual Background

The following facts are taken from the Second Amended Complaint ("SAC") and the exhibits attached to it and cited therein[2]:

At the time of the challenged incident, plaintiff, who suffers from chronic back pain, was incarcerated at California State Prison-Solano. Defendant Barbour was a correctional officer at the prison and a supervisor on plaintiff's job assignment.

In early July 2011, plaintiff complained to defendant about her favoritism of younger inmates for paid work assignments. In response, defendant retaliated against plaintiff by ordering him to wash over 40 garbage cans. This was done despite the fact that defendant was "clearly aware" of plaintiff's chronic back pain and also despite being shown a medical chrono indicating plaintiff's need for light duty job assignments.

Defendant's conduct caused plaintiff further back injury for which he sought and received treatment on July 6, 2011, immediately following the assignment. (ECF No. 24 at 20-21.) Plaintiff also sought medical treatment on November 5, 2011, February 5, 2012, February 19, 2012, March 1, 2012, and March 16, 2012.

Exhibits attached to the SAC show that, on July 17, 2011, plaintiff filed an inmate grievance on CDCR Form 602 against defendant for age discrimination in his kitchen work

---
[2] Exhibits attached to the complaint may be considered in determining whether dismissal is proper without converting the motion to one for summary judgment. Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980).

assignment. ECF No. 24 at 8. The Third Level Appeal Decision, dated January 26, 2012, provides that "staff conduct was found not in compliance with policy." Id. at 12-13.

Also attached to the SAC is a medical chrono dated April 20, 2012, indicating a need for a bottom bunk, an extra (or new) mattress, and the following job assignment physical limitation: "no repetitive bend/flex/stoop/lift > 30 lbs." (ECF No. 24 at 18.)

### III. Standards

#### A. Standard for a Motion to Dismiss pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a cognizable claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

1  The court's liberal interpretation of a pro se complaint, however, may not supply essential

2  elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

3  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

4     B. Standard re: Civil Rights Act pursuant to 42 U.S.C. § 1983

5     The Civil Rights Act under which this action was filed provides as follows:

6> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
7> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
8> law, suit in equity, or other proper proceeding for redress.

9  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

11  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16     Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

17  their employees under a theory of respondeat superior and, therefore, when a named defendant

18  holds a supervisorial position, the causal link between him and the claimed constitutional

19  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

20  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

21  concerning the involvement of official personnel in civil rights violations are not sufficient. See

22  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23     IV.   Analysis

24     Plaintiff contends that defendant's conduct violated his Eighth and First Amendment

25  rights. Defendant moves to dismiss both claims for failure to state a claim.

26     A. Eighth Amendment claim

27     The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment

28  prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v.

1  Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  In order to
2  prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that
3  objectively he suffered a sufficiently serious deprivation and that subjectively prison officials
4  acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v.
5  Seiter, 501 U.S. 294, 298-99 (1991).

6  The Eighth Amendment protects prisoners from inhumane conditions of confinement,
7  including in work programs.  See Rhodes v. Chapman, 452 U.S. 337, 344-37 (1981).  The Ninth
8  Circuit has established the following standard for demonstrating unconstitutional working
9  conditions in the prison context:

> A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  More specifically, the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength, endanger[ed his life] or health, or cause[d] undue pain."  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); see also Wallis v. Baldwin, 70 F.3d 1074 (9th Cir. 1995) (analyzing under the Eighth Amendment a prisoner's claim that his health was endangered when he was forced to remove asbestos without protective gear).

16  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Resolution of such a claim requires
17  inquiry into the state of mind of the prison official, who is liable only if he or she was deliberately
18  indifferent to a substantial risk of serious harm.  Farmer, 511 U.S. at 837 (the prison official's
19  state of mind is assessed under a subjective, rather than an objective, standard:  "the official must
20  both be aware of facts from which the inference could be drawn that a substantial risk of serious
21  harm exists, and he must also draw the inference."); see also Wilson, 501 U.S. at 298–99, 302–03
22  (the official must actually know of the risk yet fail to take reasonable measures to ensure the
23  prisoner's safety); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993).  "If a prison official
24  should have been aware of the risk, but was not, then the official has not violated the Eighth
25  Amendment, no matter how severe the risk."  Farmer, 511 U.S. at 834.  A "sufficiently culpable
26  state of mind" requires that the conduct involve more than mere negligence.  Id. at 837, 847
27  (nothing less than recklessness in the criminal sense, that is, subjective disregard of a risk of harm
28  of which the actor is actually aware, satisfies the "deliberate indifference" element of an Eighth

1  Amendment claim).  If the risk of harm was obvious, however, the trier of fact may infer that a

2  defendant knew of the risk, but obviousness per se will not impart knowledge as a matter of law.

3  Id. at 840-42.

4        Defendant moves to dismiss plaintiff's Eighth Amendment claim on the ground that

5  plaintiff has not pled sufficient facts to meet the subjective prong of a deliberate indifference

6  claim.  She argues that the medical chrono attached to the SAC is dated April 2012, almost a full

7  year after the incident at issue in this case, thereby contradicting plaintiff's allegation that he

8  showed defendant a medical chrono limiting plaintiff to light work before defendant ordered him

9  to clean the 40 garbage cans.

10        The court acknowledges that the April 2012 chrono post-dates defendant's conduct, but

11  the submission of this chrono does not preclude the possibility that plaintiff showed defendant an

12  earlier-dated chrono, a plausible scenario considering plaintiff's claim that he has been treated for

13  back pain since 2006.[3]  Parks Sch. Of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995)

14  (pleadings are to be construed in the light most favorable to plaintiff and all doubts resolved in

15  plaintiff's favor).  Since plaintiff also alleges that Barbour ordered him to wash over 40 trash cans

16  knowing that he "could not do such work without being further injured," the court finds that these

17  allegations are sufficient to meet the subjective prong of plaintiff's Eighth Amendment claim and

18  are not contradicted by the submission of a chrono dated after the incident.

19        Defendant also argues that plaintiff failed to satisfy the objective element of an Eighth

20  Amendment claim because being required to wash 40 garbage cans is not patently cruel and

21  unusual.  This argument lacks merit.  Though cleaning 40 garbage cans may not, in and of itself,

22  constitute cruel and unusual punishment, a prisoner may not be "compelled to perform physical

23

---

24  [3] Indeed, plaintiff attaches to his opposition a March 2011 medical chrono setting forth the same physical limitations to job assignments as set forth in the April 2012 chrono: "no repetitive
25  bend/flex/stooping or lift > 30 lbs."  See Pl.'s Opp'n, ECF No. 34 at 16-17.  The court may
26  examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment.  See Knievel v. ESPN,
27  393 F.3d 1068, 1076 (9th Cir. 2005).  In any event, the court does not consider these new facts in making its determination; rather, the court considers the March 2011 chrono only to demonstrate
28  why resolving any doubts in plaintiff's favor is necessary on a motion to dismiss.

1  labor which is beyond their strength, endangers their lives or health, or causes undue pain."

2  Berry, 39 F.3d at 1057.

3  For these reasons, defendant's motion to dismiss plaintiff's Eighth Amendment claim will

4  be denied.

5        B. First Amendment Retaliation claim

6  Defendant Barbour also moves to dismiss plaintiff's claim that defendant retaliated

7  against him for engaging in activity protected by the First Amendment.

8  "Within the prison context, a viable claim of First Amendment retaliation entails five

9  basic elements: (1) [a]n assertion that a state actor took some adverse action against an inmate

10  (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

11  exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

12  correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004).  Prisoners have a

13  constitutional right to file prison grievances and pursue civil rights litigation in the courts.  Id. at

14  567.  Prison officials may not retaliate against prisoners for exercising these rights.  Id. at 568.

15  Defendant argues that plaintiff has again failed to allege facts that he engaged in protected

16  activity.  Defendant's argument is premised on plaintiff's claim that Barbour retaliated against

17  him for filing an administrative grievance.  SAC ¶ 18.  But, as defendant rightly points out, the

18  referenced grievance, which is attached to the SAC, was filed on July 17, 2011, after plaintiff was

19  ordered to clean the garbage cans.  See ECF No. 24 at 8.

20  Nonetheless, plaintiff also claims that Barbour ordered him to clean the garbage cans "in

21  retaliation of his discontent of her treatment towards him as being unprofessional…" and "for

22  contesting his treatment by her…."  SAC ¶¶ 11, 15.  The SAC can be reasonably construed as

23  alleging that plaintiff verbally complained directly to defendant, a construction supported by the

24  July 17, 2011, grievance ("After, inquiring into not getting a pay number and I work just as hard

25  as the other, Ms. Barbour took it personal now she is single me out to harass me and deliberately

26  locking me out of my work area …. At one point, Ms. Barbour put me on the back desk – behind

27  the kitchen to washout 40 garbage cans…").  A verbal complaint can, of course, constitute

28  protected conduct.  See, e.g., West v. Dizon, 2014 WL 794335, at *5-6 (E.D. Cal. Feb. 27, 2014)

(protected speech includes a prisoner's verbal expression of an intent to submit a formal written grievance); Hackworth v. Torres, 2011 WL 1811035, at *1 (E.D. Cal. May 12, 2011) (rejecting defendant's argument that prisoner's verbal objections to a prison policy during housing classification committee meeting with prison staff was not protected by the First Amendment because the inmate had not filed a written grievance); Uribe v. McKesson, 2011 WL 9640, at *12 (E.D. Cal. Jan. 3, 2011) (prisoner's attempt to report a prison official's misconduct, either "verbally or in writing, constitutes speech or conduct entitled to First Amendment protection.").

Defendant next argues that plaintiff has failed to adequately allege that Barbour retaliated against him because of the constitutionally protected activity. The court disagrees. The SAC and the exhibits attached to it clearly support plaintiff's claim that Barbour ordered him to clean the 40 garbage cans because of plaintiff's complaint about her favoritism of younger inmates for paid work assignments. These allegations are sufficient to state a claim.

Accordingly, the court will deny defendant Barbour's motion to dismiss plaintiff's retaliation claim.

V.     Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to dismiss (ECF No. 24) is denied. Defendant is directed to file an answer to the SAC within fourteen days from the date of this order.

DATED: April 25, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8