UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HARVEY,<br><br>        Plaintiff,<br><br>   v.<br><br>J. BARBOUR,<br><br>        Defendant. | No. 2:12-cv-02029 KJM DB<br><br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983 alleging defendant Barbour forced him to do strenuous manual labor contrary to his medical orders in violation of his First and Eighth Amendment rights. Pending before the court is defendant Barbour's partial motion for summary judgment for plaintiff's alleged failure to exhaust his available administrative remedies concerning the Eighth Amendment deliberate indifference claim. (ECF No. 42.) Plaintiff filed an opposition to the motion (ECF No. 46) and defendant filed a reply (ECF No. 47).

    For the reasons outlined below, the undersigned respectfully recommends that the district court grant defendant's partial motion for summary judgment concerning plaintiff's deliberate indifference claim.

////

////

## I. Factual Background

Plaintiff is proceeding on his second amended complaint (SAC) against defendant Barbour. (ECF No. 24.) Plaintiff alleges that while housed at California State Prison, Solano defendant Barbour caused him to injure his back by ordering him to work in an unauthorized area of the institution in retaliation for him complaining about unfair treatment by defendant Barbour as his work supervisor. (Id. at 3.) Specifically, plaintiff claims that he was not content with his work assignment, alleging that defendant Barbour discriminated against him because of his age. (Id. at 6, 8.) In July of 2011, after expressing his displeasure to concerning this alleged discrimination, defendant Barbour purportedly ordered plaintiff to wash out 40 trash cans in retaliation for the complaint and in violation of plaintiff's medical orders that restricted him to light duty. (Id. at 5-6.) Plaintiff alleges that defendant Barbour was disciplined for forcing plaintiff to work in an area he was not authorized to work in. (Id. at 5.)

On July 25, 2011,[1] plaintiff filed inmate grievance CSP-S-11-00779 concerning defendant Barbour's alleged retaliation. (ECF No. 42-3 at 15.) In the original, first-level grievance, plaintiff alleged that defendant Barbour discriminated against him because of his age concerning work assignments and that she forced him to wash out 40 trash cans behind the kitchen in an area of the prison where he does not have authorization to go. (Id. at 15, 17.) Plaintiff claimed violations of his First and Fourteenth Amendment rights in the grievance, specifically stating that defendant Barbour's actions constituted a reprisal against him and that he was denied equal protection of the law and due process through age discrimination. (Id. at 17.) Plaintiff's grievance was partially granted at the second level of review. (Id. at 20.) An inquiry was conducted that found defendant Barbour violated California Department of Corrections and Rehabilitation (CDCR) policy. (Id.)

At the third level of review, plaintiff's appeal was denied. (Id. at 13.) The third level opinion found that an inquiry had already been conducted, staff was found to have violated

////

---

[1] The appeal is dated by plaintiff as being submitted on July 17, 2011; however, the institutional stamp on the grievance indicates it was received on July 25, 2011.

CDCR policy, and the institution would take appropriate action. (Id.) The decision also noted that it represented the final level of exhaustion available to plaintiff within the CDCR.

In his third level appeal, however, plaintiff stated that he was dissatisfied with the second level decision because it did not address additional information that he provided in his staff interview. Specifically, plaintiff claimed that he had informed the interviewer about his allegations that defendant Barbour's order to clean the trash cans caused him to injure his back. (Id. at 16.) Plaintiff stated in this appeal that he made a monetary demand for $50,000 for the pain caused to his back. (Id.) The second level appeal decision did not mention these allegations. (Id. at 19-20.) The third level decision did not address the back injury allegations or plaintiff's dissatisfaction with the scope of the second level decision. (Id. at 13-14.)

## II.     Legal Standard

By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n. 6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S.

1  at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison

2  system's requirements 'define the boundaries of proper exhaustion.'").

3        In California, prisoners may appeal "any policy, decision, action, condition, or omission

4  by the department or its staff that the inmate or parolee can demonstrate as having a material

5  adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).

6  Most appeals progress through three levels of review.  See id. § 3084.7.  The third level of review

7  constitutes the decision of the Secretary of the California Department of Corrections and

8  Rehabilitation and exhausts a prisoner's administrative remedies.  See id. § 3084.7(d)(3).  A

9  California prisoner is required to submit an inmate appeal at the appropriate level and proceed to

10 the highest level of review available to him.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir.

11 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

12       A prisoner may be excused from complying with the PLRA's exhaustion requirement if

13 he establishes that the existing administrative remedies were effectively unavailable to him.  See

14 Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014).  For example, where prison officials

15 improperly screen out inmate grievances, they can render administrative remedies effectively

16 unavailable.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the

17 inmate cannot pursue the necessary sequence of appeals[.]"  Id.  See also Nunez v. Duncan, 591

18 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was

19 precluded from exhausting his administrative remedies by a warden's mistaken instruction to him

20 that a particular unavailable document was needed for him to pursue his inmate appeal); Marella,

21 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the

22 necessary grievance forms to timely file his grievance).

23       The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative

24 defense that defendants must plead and prove.  See Jones, 549 U.S. at 216 ("[I]nmates are not

25 required to specially plead or demonstrate exhaustion in their complaints."); Albino, 747 F.3d at

26 1168.  A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n

27 the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint.  Albino,

28 747 F.3d at 1168 & 1169.  More typically, defendants are required to move for summary

1  judgment under Federal Rule of Civil Procedure 56 and produce probative evidence that proves a
2  prisoner's failure to exhaust.  See id. at 1166.  If the undisputed evidence viewed in the light most
3  favorable to the prisoner demonstrates a failure to exhaust, the court should grant defendant's
4  motion for summary judgment.  On the other hand, if there are material facts in dispute, the court
5  should deny defendant's motion summary judgment.  See id.

6  **III.    Legal Analysis**

7        It is uncontested that plaintiff's initial inmate grievance concerned only his allegations of
8  age discrimination and retaliation against defendant Barbour.  (ECF No. 42-3 at 15, 17.)  The
9  original grievance specifies that defendant Barbour ordered plaintiff to clean 40 trash cans, but
10 does not allege that plaintiff suffered any physical injury from this activity.  (Id. at 17.)  However,
11 plaintiff's third level appeal presents evidence that in his second level staff interview he raised the
12 issue of a back injury he suffered while cleaning the 40 trash cans.  (Id. at 16.)  Additionally, the
13 appeal indicates that plaintiff requested monetary damages for the injury and asserted that his
14 pain continued through that time.  (Id.)

15       To have properly exhausted the deliberate indifference claim, plaintiff must have
16 submitted an inmate appeal regarding this claim and obtained a third level decision prior to
17 August 2, 2012, the date he filed this action.  Woodford, 548 U.S. at 85-86; McKinney v. Carey,
18 311 F.3d 1198, 1199–1201 (9th Cir.2002).  The evidence on the record, viewed in the light most
19 favorable to plaintiff, indicates that at two levels of review -- the second and third -- plaintiff
20 raised a grievance that could reasonably be interpreted as a deliberate indifference claim.  (See
21 ECF No. 42-3 at 16.)  Specifically, plaintiff asserted that he suffered a back injury as a result of
22 defendant Barbour's orders concerning the trash cans.  (Id.)  Plaintiff's SAC alleges that his
23 medical orders limited him to light duty work and that he suffered a back injury from the overly
24 strenuous activity of washing the 40 trash cans.  (ECF No. 24 at 5-6.)

25       However, administrative remedies that are not exhausted at **all three levels** of review may
26 not be considered appropriate exhausted.  Cal. Code Regs. tit. 15, §§ 3084.1(b) ("Administrative
27 remedies shall not be considered exhausted relative to any new issue . . . later named by the
28 appellant that was not included in the originally submitted CDCR Form 602 . . . and addressed

5

through all required levels of administrative review up to an including the third level."). See also Brazier v. Beard, 1:13-cv-00787-LJO-BMK, 2017 WL 202036, *3 (E.D. Cal. Jan. 17, 2017) (plaintiff did not raise claim until third level of review and therefore the court recommended dismissal). So, while "[a]n [administrative] appeal need not lay out the facts, articulate legal theories, or demand particular relief[,]" Schultz v. Cal. Dept. of Corr., No. 1:11–cv–00988–LJO–MJS, 2013 WL 5883677, *2 (E.D. Cal. Oct. 30, 2013), all issues still must be raised at all levels of review in order to be considered exhausted by the courts.

Here, plaintiff only raised his deliberate indifference claim -- or, at the very least, raised the issue of his injury, which might approximate a deliberate indifference claim -- at the second and third levels of review, which is insufficient to meet the exhaustion requirement under California law. Accordingly, the undersigned respectfully recommends that the partial motion for summary judgment be granted concerning the deliberate indifference claim.

**IV.   Conclusion**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.   Defendant Barbour's partial motion for summary judgment for failure to exhaust administrative remedies be granted; and

2.   Plaintiff's claim for deliberate indifference be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////
////
////
////
////
////

1     Any reply to the objections shall be served and filed within fourteen days after service of
2 the objections.  Failure to file objections within the specified time may waive the right to appeal
3 the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>,
4 951 F.2d 1153 (9th Cir. 1991).

5 Dated:  March 1, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / harv.2029.msj.exh