UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HARVEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BARBOUR,<br><br>　　　　Defendant. | No. 2:12-cv-02029 KJM DB P<br><br><br>ORDER |

　　　　Plaintiff has requested a second extension of time to file his opposition to defendant's April 20, 2017 Motion for Summary Judgment. (ECF No. 57). In support of this request, plaintiff states that on August 20, 2017, the prison in which he is housed was placed on lockdown, and that this limited his ability to access the prison law library. (Id. at 1). Plaintiff also reiterates his request for appointed counsel as he claims First Amendment violations and his inability to obtain information from the California Department of Corrections and Rehabilitation. (See ECF No. 57 at 2).

　　　　The court granted plaintiff's first extension request (see ECF No. 55) on June 13, 2017. (See ECF No. 56). At that time, the court ordered plaintiff to file his opposition by July 20, 2017. (Id.). This was approximately thirty days prior to the August 2017 lockdown. Nevertheless, plaintiff failed to timely file the opposition and did so without explanation. Instead, plaintiff filed the instant extension request on August 28, 2017, more than thirty days after the court's first

granted extension request deadline. (See ECF No. 57). In light of these facts, as well as the fact that plaintiff has indicated that the prison lockdown has ended,[1] although this request will be granted, it is unlikely that no further extensions of time will be.

As noted above, Plaintiff has requested the appointment of counsel as well as an "investigation into plaintiff's current circumstances." (See ECF No. 57 at 2). First, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, however, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

As for plaintiff's investigation request, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). The in forma pauperis statute does not authorize the expenditure of public funds for investigations. See 28 U.S.C. § 1915. Consequently, plaintiff's investigation request is denied as well.

Finally, plaintiff has requested: (1) a copy of the docket in this case, and (2) a copy of defendant's April 20, 2017 Motion for Summary Judgment, the latter of which, was seized during a prison cell search. (See ECF No. 57 at 2). In order to facilitate plaintiff's timely filing of his opposition, plaintiff's requests for these documents will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 28, 2017 motion (ECF No. 57) is GRANTED in part and DENIED in part as follows:

2. Plaintiff's request for an extension of time is GRANTED;

3. Plaintiff is granted thirty days from the date of this order in which to file his opposition

---

[1] In plaintiff's second extension request, plaintiff estimated that the lockdown would last approximately twenty-one days. (See ECF No. 57 at 1).

2

to defendant's April 20, 2017 Motion for Summary Judgment (ECF No. 53). Any reply shall be filed and served in accordance with Local Rule 230(l);

    4. Plaintiff's requests for appointment of counsel and for an investigation into his case are DENIED, and

    5. Plaintiff's document requests are GRANTED. The Clerk of Court shall send plaintiff a copy of the docket as a one-time courtesy. The Clerk shall also send plaintiff a copy of defendant's April 20, 2017 Motion for Summary Judgment (ECF No. 53).

Dated: November 26, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/harv2029.36.sec.db.